# Baldwin *v.* Kellogg.

## In the Court below,

JASON KELLOGG and MARTHA, his wife, suing in her right as administratrix on the estate of *Richard Sacket*, late of Arlington, in the State of Vermont, deceased, *Plaintiffs ;* ASAHEL BALDWIN, *Defendant.*

The property of A. being confiscated, under the acts, and by the courts of a foreign state, and a commissioner appointed to collect the debts due to his estate, payment to that commissioner of a note given by B. to A. in this State, before the confiscation, shall discharge B. from any further liability thereon.

ACTION on a promissory note, executed by the defendant, dated the 25th of March, 1776, for 80*l.* payable to said *Richard Sacket*, on the 1st of May, 1776, with interest.

To this action the defendant pleaded in bar, that in the year 1775, said *Sacket* removed into the State of Vermont, and there dwelt till his death, which happened in 1789 ; that in 1777, the said *Sacket*, by various acts of treason committed against the said State of Vermont, and the United States, by joining and assisting the armies of the King of Great-Britain, then carrying on an open war against the said State, and the United States, forfeited all his estate, real and personal, to said State of Vermont ; and that the government of said State appointed a court to declare such estate forfeited, and to secure the avails thereof to said State ; that, in pursuance thereof,

said *Sacket* was convicted of treason, his estate confisca-
ted, and *John Fassett* of said State was authorized to ad-
minister upon said estate, and collect the debts due there-
to, and pay over the same to the treasury of said State;
that, after this confiscation, the defendant, being utterly
ignorant thereof, sent the amount of said note to his
agent in said State, to pay over the same to said *Sacket*;
that his agent was called upon, by said court of confisca-
tion, and payment of said note demanded; and that there-
upon, he paid the same to said *Fassett*; that the said *Sack-
et*, during his life, acquiesced in said payment, and nev-
er demanded the payment of said note. The plea also
averred, that this note was not inventoried, by the plain-
tiffs, as administrators, and that the said *Fassett* paid
the amount thereof into the treasury of Vermont, and
concluded with an allegation, that in manner aforesaid,
the said note had been fully paid.

The plaintiffs, in their replication, set forth, at large,
the various acts of the said State of Vermont, declaring
the estate confiscated, and the receipt given by *Fassett*, for
the amount of the note; and then averred, that the said
*Sacket* and the defendant, when said note was executed and
delivered, were inhabitants of the State of Connecticut,
and that the defendant had ever since remained such.

To this replication there was a demurrer, and joinder
in demurrer.

The Superior Court adjudged the replication sufficient.

In the writ of error, the general error was assigned.

*Smith*, (of Woodbury) and *Ruggles*, for the plaintiff in
error.

*Allen* and *Gould*, for the defendants.

1802.

BALDWIN
*v.*
KELLOGG.

It was argued, in support of the judgment of the Superior Court, that the law, as recited, did not warrant the act of confiscation passed; that the law was *ex post facto*, it being enacted after the offence committed; that the conviction was irregular and void, because it appears, on the face of it, that the court condemned the said *Sacket* on the ground of the " several proofs that were " exhibited in court, and that *otherwise* appear ;" and because it is said, in the sentence, that he, with others, have forfeited their estates, " by the *notorious* acts committed against this, and the United States"; and that *Sacket* was not cited to appear and defend, and, therefore, could not be legally convicted. It was also urged, that Vermont is a foreign jurisdiction ; that the law in question is a penal law ; and that the penal laws of one country or state cannot be enforced in another. If *Fassett* had sued the plaintiff in error here, for the note, he must have failed. The note having been due from a citizen of the State of Connecticut, where the debt was contracted, was forfeitable only to this State, and, therefore, the law of the State of Vermont did not, and could not, reach it.

It was contended, that if the plaintiff in error, or his property, had been taken in Vermont, payment would have there been enforced against him, and, in that case, he would have been discharged from the note.

For the plaintiff in error it was argued, that although there are irregularities upon the face of the laws and proceedings of Vermont, yet they are the acts of an independent government, and the judgment of a foreign court, and, therefore, to be respected ; that the debt fol-

lowed the person, and was, therefore, in *Sacket,* in Vermont, and, consequently, property, which that State might confiscate. When this act was passed in Vermont, there was no law of this State on the subject ; and whether the law was penal or not, is very immaterial, as it was passed by an independent State, by the recommendation of Congress, in consequence of the then existing state of things. The laws of the several States, confiscating the property of its citizens, were of a peculiar nature, and have been deemed valid, even in the courts of the nation, with whom the United States were then at war. The plaintiff in error honestly paid his money to the commissioner under this law, who was authorized to receive it ; and having so paid it, and this payment being so long acquiesced in, it would be unjust to compel him to pay it again.

It was also urged, that in England, the courts consider the bankrupt laws of a foreign country as operating every where, though penal in their nature.(*a*)

The judgment was reversed, unanimously, Hillhouse and Austin, *Asts.* being absent.

By the Court. The legislature of Vermont had power to pass the law in question, and to constitute such tribunal as they deemed proper, to enforce it. It is unnecessary to enquire, whether the act in question, or the proceedings thereon, were such as propriety required. They are the acts of a legislature and of a court of a foreign state, and, as such, to be respected. It is not necessary to decide, whether the commissioner on this estate could have compelled the payment of the note, before our courts ; or, whether this debt was, strictly speaking, prop-

(*a*) *Sill* v. *Werwick,* 1 *H. Bl.* 665.

1802.

BALDWIN
v.
KELLOGG.

erty in Vermont, or property in Connecticut. By the proceedings before us, it is clear, that all the property of *Sacket* was confiscated; his rights of action were, of course, transferred to the State of Vermont, and vested in *Fassett*, their agent. *Fassett* then might lawfully receive the money; and being thus authorized, *Baldwin*, in paying it to him, ought to be justified. If the person or property of the defendant below had been taken in Vermont, payment might have been enforced; and it is right, therefore, that his discharging himself from a legal demand should be validated. The contrary doctrine would oblige *Baldwin* to suffer this note to remain against him, accumulating interest, till *Fassett*'s power to receive the debt had expired; for *Baldwin* could not safely pay it in Vermont to *Sacket*, pending *Fassett*'s administratorship. It is not to be presumed, that the law will subject a debtor to such an embarrassment, as to compel him to let the debt remain uncanceled, and on interest; nor is it proper that the creditor, and his administrators standing in his place, should now allege these objections, when the laws of the State where he belonged, and his own conduct, have produced the evil.